## OWENS v. GEIGER.

1. If A. undertakes to keep the horse of B. for pay, and keeps him according to the request of B., and the horse escapes without any negligence on the part of A., he is not liable.

2. Any act to be done, on the part of the undertaker, which forms a part of the agreement, should be set forth in the declaration; but a mere incident to such underking need not.

3. Matter more in the knowledge of one party than the other, must be pleaded by the party having that knowledge.

ERROR from Jefferson county Circuit Court.

M'GIRK, C. J., delivered the opinion of the Court.

This was an action on the case for negligently keeping a horse, as innkeeper, and permitting him to escape so that he was lost; plea not guilty, and issue joined. On the trial of the cause, it appeared in evidence that Geiger was an innkeeper, and stable- (40) keeper, and kept horses for pay, and that Owens delivered his horse to him to be kept till his return, as he was going to foreign parts; that Owens agreed with Geiger as to the feeding and keeping of the horse till his return, for which Owens was to pay a reasonable reward; that Owens told Geiger that he wished his horse to run in his yard in the day time, his legs being swelled; that Geiger said he would allow his horse to run in the lot with him whilst there; and that Owens consented that his horse might be put in the lot in the day time, if Geiger would let his horse run with him; that about four days afterward, about sundown, Geiger took his horse out of the lot to use him, and rode him off, leaving Owens' horse alone in the yard; that during the absence of Geiger's horse, Owens' horse jumped out and escaped, and was lost. Other testimony was given on both sides, none of which need be noticed for the purpose of coming at the point to be decided in this case. After the evidence was gone through on both sides, the defendant's counsel prayed the Court to instruct the jury, that if they believed that Owens' horse was put into the defendant's yard by Owens' direction, and that the horse escaped therefrom without negligence on the part of Geiger, then they must find for the defendant. This prayer for instruction was undoubtedly right. The Court then proceeded to instruct the jury: That the agreement between plaintiff and defendant, concerning the keeping and feeding said horse, as proved, was a special agreement; and that plaintiff, to maintain his action, should have set it out in his declaration specially, and that not being done in this case, they must find for the defendant. Upon this instruction the jury found for the defendant; and this instruction, among other things, is assigned for error.

We are clearly of opinion this instruction was wrong; it proceeds on the ground that the request of Owens, that his horse in the day time might run in the stable-yard, and Geiger's assent that his horse might run with him, is an essential constituent part of the undertaking, to keep safely and re-deliver the horse. The best way to test whether a thing be a part of an agreement, or only a mere incident,

51

is, to see if damages could have been recovered for the non-performance of the thing. Now, in this case, the thing to be done by Geiger was, to safely keep, feed, and return the horse, and if this were done, no action could be maintained against him, though he had not let the horse in the lot at all ; and if the horse had been let into the lot, in the day time, though he had omitted to let his horse run with him, (41) yet this, of itself, would not form any foundation for damages. Again, that need not be pleaded which should properly come from the other party. A case in point may be found in *Stephen's Pleadings,* 355, where there was a covenant in a charter party, that no claim should be admitted or allowance made for short tonnage, unless such short tonnage were found and made to appear on the ship's arrival, on a survey to be taken by four shipwrights, to be indifferently chosen by both parties ; and in an action of covenant, brought to recover for short tonnage, the plaintiff had a verdict. The defendant moved in arrest of judgment, that it had not been averred in the declaration that a survey was taken, and short tonnage made to appear—but the Court held, that if such survey of tonnage had not been taken, this was matter of defence which ought to have been shown by the defendants, and refused to arrest the judgment. *Stephens* cites for this 1 *T. R.* 638, which is not now in our possession. Furthermore in this case the rule is, that matter more in the knowledge of one party than the other, must be pleaded by the party having that knowledge. Here the manner of keeping the horse, and the manner of his escape, could not reasonably be in the knowledge of Owens, but was necessarily in the knowledge of Geiger ; therefore he must defend himself in this action by giving the matter in evidence.

The judgment is reversed, and sent back to the Court below for a new trial.